UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARY ELLEN YOUNG-DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO: 3:18-cv-00244 |
| | ) |
| O'REILLY AUTO ENTERPRISES, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Mary Ellen Young-Davis, ("Young-Davis"), by counsel, against Defendant, O'Reilly Auto Enterprises, LLC, ("Defendant"), for its discriminatory actions against her based on her age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et. seq. ("ADEA), her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., ("Title VII") and her disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. ("ADA"). Young-Davis also alleges Defendant retaliated against her during her employment for her complaints about disability, age and gender discrimination. Young-Davis finally alleges Defendant interfered and retaliated against her exercise of rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq. ("FMLA").

**II. PARTIES**

2. At all times relevant to this action, Young-Davis resided within the Southern District of Indiana.

3. The Defendant is a corporation that conducts business in the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 626, 29 U.S.C. §2617(a)(2); 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b), 29 U.S.C. § 2611(4), 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1211(5)(A).

6. Young-Davis, at all times relevant, has been an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

7. Young-Davis, at all times relevant, has been an "employee" as that term is defined by 29 U.S.C. § 630(f), 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4).

8. Young-Davis is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c).  At all relevant times, Defendant had knowledge of Young-Davis' disability and/or it regarded Young-Davis as being disabled and/or Young-Davis has a record of being disabled.

9. Young-Davis exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission. Young-Davis received her Notice of Suit Rights for the Charge of Discrimination and timely files this action.

10. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. **FACTUAL ALLEGATIONS**

11. Young-Davis, a female individual presently fifty-seven (57) years of age was initially hired by Defendant on or about May 23, 2013 and held continuous employment with the Defendant until the date of her termination from employment in March of 2017.

12. During all relevant time periods during her employment, Young-Davis believes she met or exceeded the Defendant's legitimate performance expectations.

13. Young-Davis suffers from recognized disabilities which affect major life activities such as sleeping, standing, walking, lifting, carrying and/or digestion.

14. Defendant has been previously placed on notice of Young-Davis' disabilities as Young-Davis applied for and was approved for leave under the Family and Medical Leave Act ("FMLA") in 2015 due to her disabilities. Young-Davis also requested and was granted an accommodation in 2015 upon her return to work from FMLA for a shorter driving route in her position as Hub driver, also effectively placing Defendant on notice of her disabilities.

15. Or about late 2016, Young-Davis was provided discipline for alleged cursing and use of foul language in the workplace, however, Young-Davis states that other similarly-situated younger employees, male employees and other employees who did not suffer from a recognized disability known to the Defendant regularly engaged in the use of foul language and even more egregious derogatory cursing and language in the workplace without receiving discipline.

16. Young-Davis also states that there was a sign previously posted on the Defendant's warehouse entry door posted by Defendant's Coordinator which also utilized derogatory and foul language. Young-Davis engaged in protected activity and complained of disparate treatment to the Corporate office of Defendant after she was disciplined and the other

younger male individuals including the younger Coordinator who placed the derogatory sign were not disciplined the same as she was.

17. After her complaint, Young-Davis believes she was denied a promotion to become Hub Coordinator with Defendant in retaliation for her previous complaint(s) about disparate treatment in the workplace. Young-Davis believes the position of Hub Coordinator was ultimately provided to a similarly-situated younger and/or male employee of the Defendant who was not known by the Defendant to suffer from a recognized disability.

18. Young-Davis states she also regularly witnessed younger female employees of the Defendant be provided more favorable job assignments and were permitted to not perform their work duties without receiving discipline from the male managers employed with Defendant. Young-Davis once again engaged in protected activity and complained to Defendant's tip hotline about disparate treatment she was being subjected to when compared to a younger female employee.

19. On or about March 9, 2017, Young-Davis provided a request for an application for intermittent FMLA relief so she could care for her daughter who suffers from an ongoing disability involving mental health issues.

20. Just days later on March 14, 2017, Young-Davis was informed that her employment with the Defendant was being terminated while on a conference telephone call. Young-Davis engaged in protected activity one final time and complained that a younger similarly-situated female had similar, if not more serious attendance issues and had not been terminated. In response to her final complaint about age discrimination, Defendant informed Young-Davis to "not worry about what someone else does," and was immediately terminated from her employment.

21.     Young-Davis believes that her position, duties and responsibilities were assumed by a younger individual employed with Defendant who did not suffer from a recognized disability known to the Defendant and/or who had not engaged in protected activity complaints toward the Defendant, and/or a male employee of the Defendant.

22.     Young-Davis has suffered damages and continues to suffer damages as a result of Defendant's unlawful conduct and unlawful actions taken against her employment.

## COUNT I—ADA DISCRIMINATION

23.     Young-Davis hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24.     Defendant violated Young-Davis' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by subjecting her to different terms and conditions in employment and disparate treatment when compared to similarly-situated employees with the Defendant who did not suffer from a recognized disability, and by terminating her employment.

25.     Defendant's actions were intentional, willful, and in reckless disregard of Young-Davis' rights as protected by the ADA.

26.     Young-Davis has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II—ADA RETALIATION

27.     Young-Davis hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint as if the same were set forth at length herein.

28.     Young-Davis requested a reasonable accommodation pursuant to her disability and also engaged in protected activities when she complained about discriminatory treatment she was being subjected to during her employment due to her disability.

29. The Defendant retaliated against Young-Davis for her accommodation request and complaints about discriminatory treatment by terminating her employment.

30. Defendant's actions were willful, intentional and done with reckless disregard for Young-Davis' civil rights in violation of the ADA.

31. Young-Davis has suffered damages as a result of Defendant's unlawful actions.

### COUNT III:   ADEA DISCRIMINATION

32. Young-Davis hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint as if the same were set forth at length herein.

33. Defendant violated Young-Davis' rights as protected by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq., by subjecting her to less favorable terms of employment and discipline than younger, similarly-situated individuals and by terminating her employment.

34. Defendant's actions were intentional, willful, and in reckless disregard of Young-Davis' rights as protected by the ADEA.

35. Young-Davis has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT IV:   ADEA RETALIATION

36. Young-Davis hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint as if the same were set forth at length herein.

37. Young-Davis engaged in protected activities when she complained about discriminatory treatment and discipline she was being subjected to during her employment due to her age.

38. The Defendant retaliated against Young-Davis by terminating her employment.

39. Defendant's actions were intentional, willful, and in reckless disregard of Young-Davis' rights as protected by the ADEA.

40. Young-Davis has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT V—TITLE VII GENDER DISCRIMINATION

41. Young-Davis hereby incorporates paragraphs one (1) through forty (40) of her Complaint as if the same were set forth at length herein.

42. Young-Davis was subjected to less favorable terms and conditions in her employment and the administration of discipline with Defendant and terminated from her employment because of her gender.

43. Defendant's actions were intentional, willful, and in reckless disregard of Young-Davis' rights as protected by Title VII of the Civil Rights Act of 1964.

44. Young-Davis has suffered damages as a result of Defendant's unlawful actions.

### COUNT VI—TITLE VII GENDER RETALIATION

45. Young-Davis hereby incorporates paragraphs one (1) through forty-four (44) of her Complaint as if the same were set forth at length herein.

46. Young-Davis was subjected to less favorable terms and conditions in her employment and the administration of discipline with Defendant and terminated from employment because of her gender.

47. Defendant's actions were intentional, willful, and in reckless disregard of Young-Davis' rights as protected by Title VII of the Civil Rights Act of 1964.

48. Young-Davis has suffered damages as a result of Defendant's unlawful actions.

## COUNT VII—FMLA INTERFERENCE

49. Young-Davis hereby incorporates paragraphs one (1) through forty-eight (48) of her Complaint as if the same were set forth at length herein.

50. Defendant unlawfully interfered with the exercise of Young-Davis' rights under the FMLA.

51. Defendant's actions were intentional, willful, and in reckless disregard of Young-Davis' rights as protected by the FMLA.

52. Young-Davis has suffered damages as a result of Defendant's unlawful actions.

## COUNT VIII—FMLA RETALIATION

53. Young-Davis hereby incorporates paragraphs one (1) through fifty-two (52) of her Complaint as if the same were set forth at length herein.

54. Defendant unlawfully retaliated against Young-Davis for exercising her rights under the FMLA by terminating her employment.

55. Defendant's actions were intentional, willful, and in reckless disregard of Young-Davis' rights as protected by the FMLA.

56. Young-Davis has suffered damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her age, gender, disability or exercise of FMLA rights;

2. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for the Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff compensatory, consequential and punitive damages;

5. Pay to Plaintiff liquidated damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/ Kyle F. Biesecker
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER, DUTKANYCH & MACER, LLC
411 Main St.
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff, Mary Ellen Young-Davis*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Mary Ellen Young-Davis, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully submitted,

        /s/ Kyle F. Biesecker
        Kyle F. Biesecker, Attorney No. 24095-49
        BIESECKER, DUTKANYCH & MACER, LLC
        411 Main St.
        Evansville, IN 47708
        Telephone:  (812) 424-1000
        Facsimile:   (812) 424-1005
        Email: kfb@bdlegal.com

        *Attorneys for Plaintiff, Mary Ellen Young-Davis*